UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHRISTOPHER LUJUAN TIBBS,

    Defendant.
_____/

Criminal No. 14-CR-20154-01
Civil Action No. 18-CV-13083

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION**

This matter is presently before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [docket entry 58]. For the following reasons, the Court shall deny this motion.

In March 2014, defendant was indicted for interference with commerce by robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1951(a), and with possession of a firearm in furtherance of a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c). The indictment also alleged that defendant was subject to criminal street gang enhancement under 18 U.S.C. § 521. A jury convicted defendant on all charges, and the Court sentenced defendant to a 346-month term of imprisonment. Defendant's conviction and sentence were affirmed on appeal, and the Supreme Court denied defendant's petition for a writ of certiorari. *See United States v. Tibbs*, 685 F. App'x 456 (6th Cir. 2017), *cert. den. Tibbs v. United States*, No. 17-5099 (Sup. Ct. Oct. 2, 2017).

Defendant first argues that "his 924(c) conviction and sentence must be vacated because 924(c)(3)(B) is unconstitutionally vague and Hobbs Act Conspiracy is not a 'crime of violence' to trigger the 924(c)." Def.'s Mot. at 5. The court of appeals addressed and rejected both

of these arguments, *see Tibbs*, 685 F. App'x at 459-65, and defendant may not raise them again in a § 2255 motion.

Defendant next argues that he was denied the effective assistance of counsel because his trial attorney "fail[ed] to argue that the district court erred in counting disposition by state drug court JB2 program as a prior sentence." Def.'s Mot. at 6. Defendant claims that the Court "erred in assessing the three criminal history points pursuant to USSG § 4A1.1(c) and 4A1.1(d) because his participation in the program did not result from an admission of guilt in a judicial proceeding in open court, as required by the guidelines." *Id.* The Court rejects this argument because the Court gave defendant two points, not three, for this conviction. Defendant pled guilty in March 2009 in Wayne County Circuit Court to a drug charge and was "placed on a two-year term of probation, and ordered to serve the first 90-120 days in custody to participate in the Wayne County Jail JB3 Substance Abuse Treatment Program." Presentence Investigation Report ¶ 38. Because defendant's sentence of imprisonment for that charge was for at least sixty days but less than one year and one month, two points were properly added in calculating defendant's criminal history. *See* USSG § 4A1.1(b).

Defendant next argues that he was denied the effective assistance of counsel because his trial attorney

> fail[ed] to argue that the prosecutor committed misconduct by knowingly offering co-defendant's false testimony at trial, and testifying falsely. Petitioner contends that at his trial co-defendant Marline Smith testified that he was being threaten[ed] by the prosecution to make certain statements and if he didn't cooperate/testify the government would take back his plea and charge him federally. The government stated that he never came to see Marline Smith, that someone else came to see Marline Smith. However, the record clearly shows that AUSA Lewis Gabel and Joseph Wheatly did go see and/or communicate with Marline Smith.

2

Def.'s Mot. at 8. The Court rejects this argument. Smith, who was convicted in state court of participating in the robbery at issue in this case, testified to the leading role defendant played in directing Smith and others to commit this crime. It was for the jury to decide whether to accept or reject Smith's testimony, in whole or in part. But there was certainly no basis for defendant's attorney to suggest that the prosecutors committed any form of misconduct by calling Smith as a witness.

Finally, defendant argues that he was deprived of the effective assistance of counsel because his trial attorney "fail[ed] to investigate key witness Delanio Eppenger and/or call him to testify on Petitioner's behalf. Had counsel done so, Delanio Eppenger would have testified that Petitioner had nothing to do with anything. In sum, counsel failed to impeach the Government's witnesses." Def.'s Mot. at 9. The Court rejects this argument. Plainly, defendant did not have "nothing to do with anything." Three of the robbers – Baker, Edwards, and Smith – testified to defendant's involvement in approving and planning the robbery, directing them how to execute it, taking a share of the robbery proceeds, and allowing the robbers to keep the rest. *See Tibbs*, 685 F. App'x at 465-68. Defendant does not explain how testimony from Eppenger, the fourth robber, could have benefitted him, and in any event it is within a trial attorney's discretion, in the exercise of his professional judgment, to determine which witnesses to call, if any, and what questions to ask them. Since Eppenger was convicted in state court of participating in this robbery, it is highly likely that defendant's attorney surmised that calling him as a defense witness would do defendant more harm than good. Accordingly,

IT IS ORDERED that defendant's § 2255 motion is denied.

Dated: April 11, 2019  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2019.

s/Johnetta M. Curry-Williams  
Case Manager

Christopher Lajuan Tibbs, 49899-039  
McKean Federal Correctional Institution  
Inmate Mail/Parcels  
PO Box 8000  
Bradford, PA 16701-0980